UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESIREE THOMPSON and DARIN
POOLE,

                              Plaintiffs,

                -against-

NYC; NYCHA; NEW YORK STATE; and
KING TOWERS,

                              Defendants.

19-CV-1153 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiffs, appearing *pro se*, bring this action complaining about the conditions of their

New York City Housing Authority (NYCHA) apartment. By order dated May 29, 2019, the Court

granted Plaintiffs' request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).[1] For the reasons set forth below, the Court grants Plaintiffs leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

---

[1] On April 30, 2019, the Court dismissed the complaint because Plaintiffs failed to file on
his and her on behalf an IFP application, after being directed to do so by the Court in two
separate orders. On May 21, 2019, after the case was closed, Plaintiffs each filed his and her own
application. By order dated May 23, 2019, the Court reopened the action.

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its limits, however, because *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs Desiree Thompson and Darin Poole bring this complaint against New York City, the New York City Housing Authority (NYCHA), New York State, and Kings Tower.[2]

The following facts and assertions are taken from the complaint: Plaintiffs share a NYCHA apartment in an apartment building named, Kings Towers, located in Manhattan. Since 2012, the apartment "has just been falling apart." (Compl. at 3.) Plaintiffs have contacted Kings Tower management asking for repairs, to no avail. Rather, Defendants have "discriminat[ed]" against them. (*Id.* at 5.)

Plaintiffs specific complaints regarding their apartment include the following: (1) peeling paint; (2) lead paint chips falling into the tub, sink, and floor, requiring constant sweeping; (3) traces of asbestos in the living room, kitchen, master bedroom, and bathroom; (4) mice, rats, and "billions of roaches" that "have taken over the apt"; (5) a broken kitchen countertop that "has fell completely apart on a slant"; (6) leaking gas; and (7) an unsecure front door that had been "kicked by police officers who presented no help or anything else." (*Id.* at 3-4.) Thompson, who is Poole's aunt, is disabled and can barely walk. (*Id.* at 5.)

Plaintiffs seek money damages and injunctive relief; specifically, they request orders permitting them to stop making rental payments until all repairs are completed and directing NYCHA to transfer Thompson to another apartment.

---

[2] At this stage, it is unknown the relationship between NYCHA and Kings Tower, although it appears that Kings Tower is operated by NYCHA. But because Plaintiffs do not state in their complaint whether they intend to assert separate state-law claims against Kings Tower, the Court declines to dismiss this defendant *sua sponte*.

**DISCUSSION**

**A.** **Plaintiff Thompson fails to state a claim that Defendants discriminated against her based on her disability**

Because Plaintiff Thompson asserts that she is disabled, the Court liberally construes the complaint as asserting a reasonable accommodation claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132,[3] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the Rehabilitation Act),[4] and the Fair Housing Amendments Act (FHAA), 42 U.S.C. § 3604.

**1.** **The ADA and the Rehabilitation Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. The Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To assert a claim under either of these statutes,

a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability." *Id.* And "[u]nder both statutes, a defendant discriminates when it fails

---

[3] NYCHA, a public entity, is subject to suit under Title II of the ADA. *See Williams v. New York City Hous. Auth.*, No. 07-CV-7587 (RJS), 2009 WL 804137, at *6 n.3 (S.D.N.Y. Mar. 26, 2009), *aff'd*, 408 F. App'x 389 (2d Cir. 2010).

[4] NYCHA is also subject to suit under "the Rehabilitation Act because it is a public housing agency, which receives monetary assistance from [the federal government] to operate and develop low-income housing." *Williams*, 2009 WL 804137, at *6 n.5 (internal quotation marks omitted).

to make a reasonable accommodation that would permit a qualified disabled individual 'to have access to and take a meaningful part in public services.'"

*McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004)).

### 2. The FHAA

The Fair Housing Act states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The FHAA "extended the FHA's principle of equal opportunity in housing to individuals with handicaps" and disabilities. *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 252 (S.D.N.Y. 2014) (internal quotation marks omitted). "Among the discriminatory practices prohibited by the FHAA is a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford [the handicapped individual] an equal opportunity to use and enjoy a dwelling." *Id.* (internal quotation marks and citation omitted; alteration in original).

### 3. Thompson fails to state a claim under the ADA, the Rehabilitation Act, or the FHAA

Thompson does not assert any facts suggesting that Defendants failed to accommodate her disability. Even if the Court assumes that Thompson is disabled within the meaning of these antidiscrimination statutes, her allegations do not suggest that NYCHA's failure to address the conditions of her apartment related to the need to accommodate her underlying disability. That is, Thompson fails to connect her disability to any of the conditions of her apartment. For example, Thompson asserts that (1) she can barely walk, and that (2) NYCHA neglected to paint her bathroom or fix her countertop. But these two assertions do not relate to each other. Put simply, even if NYCHA addressed the rodents, roaches, peeling lead paint, and broken countertops, it is unclear how such repairs would accommodate her disability.

Thompson proceeds *pro se*, without the benefit of an attorney. Because it is not clear that granting her leave to amend would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court grants Thompson leave to amend the complaint to assert any facts suggesting that Defendants failed to reasonably accommodate her disability.

**B.      Plaintiffs fail to state a claim that Defendants discriminated against them**

In addition to requiring reasonable accommodation, the FHA also prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, national origin," or disability. 42 U.S.C.§ 3604(b), (f). And the FHA prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617

Plaintiffs allege that Defendants discriminated against them, but they do not assert on what basis. Because it is not clear that amendment would be futile, the Court grants both Plaintiffs leave to amend the complaint to assert facts in support of an FHA discrimination claim.

**C.      The Court dismisses the State of New York for failure to state a claim**

Though Plaintiffs' claims against the State of New York may not be barred under the Eleventh Amendment, *see United States v. Georgia*, 546 U.S. 151, 157-59 (2006) ("[I]nsofar as Title II of the ADA creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."), the complaint does not suggest that the State of New York was involved in their housing claims. The Court therefore dismisses Plaintiffs' claims against the State of New York for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiffs are granted leave to amend the complaint to detail their claims under the ADA, the Rehabilitation Act, and the FHA. In the statement of claim, Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiffs are also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiffs' amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiffs' case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiffs' rights and describe the injuries Plaintiffs suffered; and

f)  state what relief Plaintiffs seek from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiffs' amended complaint must tell the Court: who violated their federally protected rights; what facts show that their federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiffs are entitled to relief. Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs wish to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to reassign this matter to my docket, mail a copy of this order to Plaintiffs, and note service on the docket. Plaintiffs are granted leave to file an amended complaint that complies with the standards set forth above. Plaintiffs must submit the amended

complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption

the document as an "Amended Complaint," and label the document with docket number 19-CV-

1153 (CM). An Amended Complaint form is attached to this order. No summons will issue at this

time. If Plaintiffs fail to comply within the time allowed, and  cannot show good cause to excuse

such failure, the complaint will be dismissed for failure to state a claim upon which relief may be

granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   June 12, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                                State              Zip Code

_____

Telephone Number                     Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 2:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 3:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 4: _____

             First Name                  Last Name

_____

             Current Job Title (or other identifying information)

_____

             Current Work Address (or other address where defendant may be served)

_____

             County, City             State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

| |
|---|
| Street Address |

| County, City | State | Zip Code |
|---|---|---|

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.